IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEAL DESKIN, | ) | CASE NO. 1:07 CV 898 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Jeal Deskin, for supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Deskin had severe impairments consisting of degenerative disc disease involving the lumbar and cervical spines and fibromyalgia.[1] The ALJ determined that Deskin had the following residual functional capacity:

> The claimant has the residual functional capacity to perform work-related activities except for work involving lifting or carrying in excess of 20 pounds occasionally or 10 pounds frequently, sitting for more than 6 hours in an 8-hour workday and standing and/or walking more than 6 hours in an 8 hour workday (20 CFR 416.945).[2]

---

[1] Transcript ("Tr.") at 20.

[2] *Id.*

The ALJ decided that the above-quoted residual functional capacity did not prevent Deskin from performing her past relevant work as a UPS worker/postal clerk.[3] The ALJ made an alternative determination that Deskin's residual functional capacity permitted her to perform other jobs that exist in significant numbers in the national economy.[4] The ALJ, therefore, found Deskin not under a disability.[5]

Deskin asks for reversal of the Commissioner's decision on the ground that the ALJ's residual functional capacity does not have the support of substantial evidence in the administrative record.

As discussed below, I conclude that the ALJ's residual functional capacity finding does not have the support of substantial evidence because of the absence from the administrative record of a proper medical opinion as to Deskin's work-related limitations. The case, therefore, must be remanded for further proceedings.

## Analysis

Deskin has multiple impairments of her spine. She has had an extensive treating relationship with multiple doctors at the Cleveland Clinic, which treatment is well documented in the record.[6] None of her treating physicians, however, provided a medical

---

[3] *Id.* at 21.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 70-115, 126-89.

opinion that included a "statement about what she could still do based on the acceptable medical source's findings."[7]

The only such medical opinion that appears in the file is one prepared by state agency reviewing physician, David Rath, M.D., which was completed in October of 2003.[8] Dr. Rath's opinion[9] as to Deskin's work-related limitations and capabilities is substantially similar to the limitations incorporated by the ALJ into the residual functional capacity finding.[10] In addition to the limitations included in the residual functional capacity finding, Dr. Rath also opined that Deskin could never climb ladders, ropes, or scaffolds; could occasionally crouch; and could occasionally stoop.[11]

The transcript contains two years of medical records from the Cleveland Clinic for treatment received after Dr. Rath's opinion.[12] Rather than ordering a consultative examination or having a medical expert testify at the hearing, the ALJ proceeded to decide the case based on his analysis of the medical records, giving only passing mention to Dr. Rath's opinion.[13] The ALJ states that he gave "some corroborative to the assessment by

---

[7] 20 C.F.R. § 416.913(b)(6).

[8] Tr. at 116-20.

[9] *Id.* at 117-18.

[10] *Id.* at 20.

[11] *Id.* at 118.

[12] *Id.* at 70-80, 126-89.

[13] *Id.* at 19.

the SSA that the claimant can do light work."[14] He did not, however, discuss the specific limitations found by Dr. Rath, particularly those involving climbing, stooping, and crouching.[15]

This case raises the question of when an ALJ should decide a case in the absence of a medical opinion of a treating physician, consulting examiner, or medical expert as to the claimant's functional capacity. This question underscores the tension between the claimant's burden of proof through step four of the sequential evaluation process and the ALJ's duty to develop the record.

Unquestionably, the claimant bears the burden of proof as to the existence and severity of the limitations caused by her impairments.[16] Under the regulations, the ALJ does have responsibility to develop the administrative record. 20 C.F.R. § 416.945(a)(3) states that "we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get the medical records from your medical sources." 20 C.F.R. § 416.912(d) states that it is "our responsibility" to "develop your complete medical history for at least 12 months preceding the month in which you file your application...." That responsibility includes recontacting medical sources if the evidence "is inadequate for us to determine whether you

---

[14] *Id.*

[15] *Id.* at 118.

[16] *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 545 (6th Cir. 2007).

are disabled...."[17] In *Day v. Shalala*,[18] the Sixth Circuit held that the agency's responsibility to obtain all medical evidence necessary to properly make the disability determination included the duty to make an effort to obtain from the treating physician an opinion as to the claimant's ability to perform work-related activities.[19]

While acknowledging that the ALJ has discretion on whether to order a consultative examination[20] or call a medical expert at the hearing,[21] nevertheless, bottom line, the ALJ's ultimate residual functional capacity finding must have the support of substantial evidence in the administrative record.[22] Where the ALJ proceeds to make the residual functional capacity decision in the absence of a medical opinion as to functional capacity from any medical source, or, as here, with one made without the benefit of a review of a substantial amount of the claimant's medical records, there exists cause for concern that such substantial evidence may not exist.

Ultimately, at step four of the sequential evaluation process, the ALJ must determine how the claimant's severe impairments translate into work-related capabilities or

---

[17] 20 C.F.R. § 416.912(e).

[18] *Day v. Shalala*, 23 F.3d 1052 (6th Cir. 1994).

[19] Tr. at 160-62.

[20] *Brown v. Sec'y of Health & Human Servs.*, 911 F.2d 731, 1990 WL 121472, at *3 (6th Cir. 1990) (unpublished table decision).

[21] Social Security Administration Hearings, Appeals, and Litigation Law Manual § I-2-5-34.

[22] *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007).

limitations.[23] This is the residual functional capacity finding against which the claimant's ability to perform his or her past relevant work, or other job existing in significant numbers locally or nationally, is gauged.[24]

Critical to this residual functional capacity finding are residual capacity opinions offered by medical sources such as treating physicians, consultative examining physicians, medical experts who testify at hearings before the ALJ, and state agency physicians who reviewed the claimant's medical records.[25] In making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms.[26] The District Judge in *Rohrberg v. Apfel*[27] appropriately explained the limitations on the ALJ's ability to interpret medical data and the importance of medical opinions regarding capabilities and limitations to the residual functional capacity finding:

> An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence. Where the "medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) ... [the Commissioner may not] make the connection himself."

---

[23] *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2005) (*en banc*).

[24] *Id.*

[25] 20 C.F.R. §§ 416.913 and 416.945(a)(3).

[26] *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

[27] *Rohrberg v. Apfel*, 26 F. Supp. 2d 303 (D. Mass. 1998).

In this case, the ALJ determined Rohrberg's RFC on a disbelief of the bare medical findings in her doctors' reports as well as Rohrberg's testimony. The ALJ failed to refer to – and this Court has not found – a proper, medically determined RFC in the record. Consequently, the Court concludes that there was not substantial evidence to support the ALJ's RFC determination.[28]

To be sure "where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physicians's assessment."[29] A functional capacity opinion from a medical source may not be necessary in every case. But, as Judge Richard Posner of the Seventh Circuit warned in *Schmidt v. Sullivan*,[30] "[t]he medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomenon are often wrong."[31] When a claimant has sufficiently placed his or her functional inability at issue, "the ALJ must measure the claimant's capabilities, and to make that measurement, an expert's RFC evaluation is ordinarily essential...."[32]

As a general rule, where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the

---

[28] *Id.* at 311 (citations omitted).

[29] *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996).

[30] *Schmidt v. Sullivan*, 914 F.2d 117 (7th Cir. 1990).

[31] *Id.* at 118.

[32] *Manso-Pizzaro*, 76 F.3d at 17.

ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing.  This responsibility can be satisfied without such opinion only in a limited number of cases where the medical evidence shows "relatively little physical impairment" and an ALJ "can render a commonsense judgment about functional capacity."[33]

Although ultimately here a finding of no disability at either step four or step five of the sequential evaluation process may be appropriate, I conclude that substantial evidence for that finding does not exist on this record.  The extensive MRI findings of diffuse and substantial degenerative disc disease throughout Deskin's spine[34] provide objective medical evidence that compels the need for the opinion of a medical source to insist in the translation of the raw medical data here into functional limitations.  Moreover, even though Dr. Rath's opinion was based on review of incomplete medical records, he nevertheless imposed additional functional limitations that the ALJ ignored.[35]   Under these circumstances, a remand is necessary to obtain a proper medical source opinion to support the ALJ's residual functional capacity finding.

---

[33] *Manso-Pizzaro*, 76 F.3d at 17.

[34] Tr. at 111-12.

[35] *Id.* at 118.

## Conclusion

Based on the foregoing, the decision of the Commissioner denying Deskin's application for supplemental security income is reversed and the case remanded for reconsideration of the residual functional capacity finding with the assistance of a medical opinion as to Deskin's work-related limitations.

IT IS SO ORDERED.


Dated:  March 31, 2008                               s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge